UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WILLIAMS,

                Petitioner,                 Case Number 10-12528
                                            Honorable Lawrence P. Zatkoff

v.

CINDI CURTIN,

                Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO
PROCEED ON APPEAL IN FORMA PAUPERIS**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January__, 2013.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Petitioner's pro se request for habeas relief pursuant to 28

U.S.C. § 2254.  Petitioner was convicted in Wayne County Circuit Court of second-degree murder,

MICH. COMP. LAWS § 750.317; possession of a firearm during the commission of a felony,  MICH.

COMP. LAWS § 750.227b; assault with intent to commit murder,  MICH. COMP. LAWS § 750.83; and

felon in possession of a firearm. MICH. COMP. LAWS § 769.11.  He was sentenced to 100-to-120

years in prison for the murder and assault convictions, 2-to-5 years for the felon in possession

conviction, and a consecutive 5 year term for the felony-firearm conviction.

The petition raises three claims: (1) the trial court refused to re-read testimony to the jury

when they requested it during deliberations; (2) the trial court denied Petitioner's right to

confrontation and his right to present a defense when it prevented him from cross-examining one

of victims about whether he was a drug-dealer; and (3) the prosecutor committed misconduct. The petition will be denied because none of Petitioner's claims have merit. Petitioner will also be denied a certificate of appealability and denied leave to proceed on appeal *in forma pauperis*.

## Background

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions arose from a shooting at the Brewster Projects in Detroit on July 29, 2006. Bennie Robinson, one of the victims, had known both defendants since childhood and had grown up with them at the Brewster Projects. He was on cordial terms with defendants until the Brewster Projects reunion in 2001, at which three of Williams's friends and relatives were shot and killed. Thereafter, defendants blamed an associate of Robinson for the shooting and had no further interactions with him. Robinson left the Detroit area in 2002 and returned in 2006.

> In the early morning hours on the day of the shooting giving rise to this case, Robinson was sitting in the passenger seat of his mother's Dodge Magnum at the Brewster Projects while Denetrice Self, a childhood friend of Robinson, was sitting in the driver's seat. Robinson heard gunshots and saw Williams firing a gun into the driver's side of the car at close range. Robinson got out of the car and saw Dotson standing toward the back of the vehicle, also holding a gun. Both defendants fired at Robinson as he ran away, but he was not struck. Self died from multiple gunshot wounds. The night before the shooting, Williams called Robinson's cellular telephone and left a message threatening to kill Robinson and his associates. Robinsons theorized that defendants were trying to kill him but shot Self by mistake.

*People v. Dotson*, 2008 Mich. App. LEXIS 2472, *2-3 (Mich. Ct. App. Dec. 11, 2008).

Following his conviction and sentence, Petitioner filed an appeal by right in the Michigan Court of Appeals. His appellate brief raised the following claims:

> I. The trial court improperly refused the deliberating jury's reasonable request to review the testimony of crucial witnesses. The court improperly foreclosed the possibility of allowing the jury to review the testimony.

> II. The court erred by not allowing the defense to cross-examine Bennie Robinson

2

on whether he was a drug dealer and had been the victim of a drive-by shooting in the past. The court by not allowing Mr. Robinson's perjury at preliminary examination to be exposed at trial. The court's ruling violated both Michigan's Rules of Evidence and the Defendant's constitutional right to present a defense and to confrontation.

III. Defendant William was denied a fair trial by the prosecutor's misconduct during cross-examination of him and during closing argument. Alternatively, defense counsel rendered ineffective assistance of counsel in failing to object.

The Michigan Court of Appeals rejected these claims and affirmed Petitioner's conviction.

*Id*. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims, but it was also denied by form order. *People v. Williams,* 483 Mich. 1111 (2009) (table).

The habeas petition raises the same claims that were presented to the state courts during Petitioner's appeal by right.

## Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

3

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) (*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal

4

courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

### Discussion

### A. Jury Request to Review Testimony

Petitioner's first habeas claim asserts that the trial court erred when it refused to reread testimony to the jury at its request during deliberations. This claim cannot be supported by clearly established Supreme Court law, and therefore it does not state a cognizable claim.

During deliberations, the jury sent a note to the trial court asking to review the testimony of Robinson and another prosecution witness. The trial court brought the jury into the courtroom and informed them to rely on their collective memories to recall the witnesses' testimony. The court noted that the jury had just begun its deliberations and stated that "it's not proper at this point to even consider a read back."

There is no federal constitutional law which requires that a jury be provided with witness testimony during their deliberations. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 477 (6th Cir.

2006).  No United States Supreme Court decision requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request.  *See Friday v. Straub*, 175 F. Supp.2d 933, 939 (E.D. Mich. 2001).  A habeas petitioner's claim that a state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding.  *Bradley*, 192 Fed. Appx. at 477; Spalla v. Foltz, 615 F. Supp. 224, 233-34 (E.D. Mich. 1985).  Moreover, the record shows that the jury made their request just after they had begun to consider the case.  The trial court noted this fact and instructed the jurors to recall the testimony collectively and to continue deliberations.  The court did not foreclose the possibility of providing the testimony later during deliberations.  The jury continued deliberating and returned a verdict.  This claim therefore lacks merit.

### B. Limitations on Cross-Examination of Prosecution Witness

Petitioner next claims that the trial court violated his right to confront witnesses and his right to present a defense when it limited his cross-examination of Robinson.  Specifically, Petitioner wished to elicit from Robinson testimony that he was a drug dealer, that he was shot at on a previous occasion, and that he had served time for drug-related offenses.  Petitioner asserts that this testimony would have supported his defense that the shooting might have been the result of Robinson's drug activities and been committed by an unknown third-party.  The Michigan Court of Appeals rejected the claim on relevancy grounds, finding that the proffered testimony standing by itself was too speculative to support a defense that someone else committed the shooting.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him.  "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315 (1973).

6

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness's story to test the witness's perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness." *Id*. at 314. The right of cross-examination, however, is not absolute. Trial judges "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also Norris v. Schotten*, 146 F.3d 314, 329-30 (6th Cir. 1998).

The decision of the Michigan Court of Appeals was reasonable under this standard. It found that the trial court's restriction on cross-examination was appropriate because the theory that the complainant was shot at by a third person merely because he was involved in drug dealing was too speculative to support the testimony. In essence, the court found that the proposed questions were overly prejudicial. This was a reasonable basis for sustaining the ruling of the trial court because it properly focused on the probative value or the potential adverse effects of admitting the defense evidence of third-party guilt. *See Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) (collecting cases).

Petitioner also asserts that the limitation on cross examination amounted to a denial of his right to present a defense. The Constitution guarantees "a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quotation marks omitted), but "not an unlimited right to ride roughshod over reasonable evidentiary restrictions," *Rockwell v. Yukins*,

341 F.3d 507, 512 (6th Cir. 2003) (en banc).  A defendant must "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."  *Chambers v. Mississippi*, 410 U.S. 284, 302  (1973).  The right to present a complete defense–including the third-party culpability defense raised here–thus does not mean that a defendant may introduce whatever evidence he wishes, only that any state-law evidentiary restrictions cannot be "arbitrary" or "disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quotation marks omitted).

Petitioner was not prevented from presenting evidence that someone else was responsible for the shooting.  Rather, he was simply precluded on relevancy grounds from eliciting from the complainant that he was involved in drugs.  This limitation on cross examination did not deny Petitioner his right to present a defense that someone else was the perpetrator.  *See, e.g.*, *Wynne v. Renico*, 606 F.3d 867, 870-71 (6th Cir. 2010) (state trial court did not violate petitioner's right to present a defense at murder trial by excluding propensity evidence of third party guilt where defendant had opportunity to present other, proper evidence in support of defense theory).

### C. Prosecutorial Misconduct

Petitioner's final claim asserts that the prosecutor committed misconduct by mischaracterizing his direct examination testimony and by disparaging his alibi defense during closing argument.  The claim is without merit.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).  Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances.  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45

8

(1974). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir.1997). Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F. 3d 501, 516 (6th Cir. 2006) (quoting *Donnelly*, 416 U.S. at 645). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155, 183 L. Ed. 2d 32 (2012) (quoting *Harrington*, 131 S. Ct. at 786-87).

During direct examination, Petitioner testified that he went to sleep "a little bit after 2:00" on the night of the shooting. On cross-examination, he testified that he went to bed "sometime after 2:00." During further cross examination, the prosecutor characterized this as "backpedaling" and noted that Petitioner had been more precise about his movements at other points of the night. While this part of the cross examination might not have been terribly effective or convincing, it was not improper. There was a slight difference in Petitioner's direct examination testimony from his cross examination testimony, and there was nothing improper in the prosecutor attempting to exploit that difference in attacking Petitioner's credibility. The questioning certainly was not so egregious as to render the entire trial fundamentally unfair

Next, in closing argument, the prosecutor characterized Petitioner's alibi defense as "a lie

9

by which the defendant tries to escape criminal responsibility."  The prosecutor went on to recount the testimony of Petitioner's girlfriend and compared it to Petitioner's.  The prosecutor suggested that there were inconsistencies.  There was nothing improper with this form of argument. Petitioner's third claim is therefore without merit.

### Certificate of Appealability

Before  Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.* at 336-37.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.  The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to proceed *in forma pauperis* on appeal is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
Hon. Lawrence P. Zatkoff
United States District Judge

Dated: January 17, 2013

11